PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

(Circuit Court of Appeals, Second Circuit.   July 6, 1909.)

No. 296.

SALES (§ 66*)--PROPERTY PURCHASED BY LESSEE—LESSOR'S LIABILITY.

The Metropolitan Street Railway Company having leased its road to the New York City Railway Company, the lessee's vice president and general manager received on May 10, 1907, from claimant a written proposal to furnish certain cables.  This proposal was accepted and ratified by both parties on May 13th following.  The agreement required formal orders to be sent from time to time by the purchasing agent of the railway company to claimants, stating the amount of cables needed and other details.  Three orders were sent and signed, "Metropolitan Street Railway Company, per A. C. Tully, Purchasing Agent," and required the cable company to deliver specified cables to "New York City Railway Company" in accordance with proposal of May 10th and letter of acceptance, etc.  Such orders were on the printed forms of the Metropolitan Company, and were accompanied by printed bill forms setting forth the Metropolitan Company as the one to be billed against.  *Held*, that the purchaser of the cables was the New York City Railway Company, and that the Metropolitan Company could not be made liable therefor, though they were to be used as a part of the Metropolitan's property.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 181; Dec. Dig. § 66.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Bill by The Pennsylvania Steel Company and others against the New York City Railway Company and others, in which the National Conduit & Cable Company filed claim.  From an order of the Circuit Court (170 Fed. 623) overruling exceptions of claimant to the report of a special master disallowing the claim against the Metropolitan Street Railway Company, claimant appeals.  Affirmed.

Johnson & Galston, for appellant.

Masten & Nichols (William M. Chadbourne, of counsel), for receivers of Metropolitan St. Ry. Co.

Before COXE, Circuit Judge, and HOUGH and HAND, District Judges.

COXE, Circuit Judge.  The sole question presented by this appeal is whether the cables furnished by the National Conduit and Cable Company were delivered pursuant to a contract made with the Metropolitan Street Railway Company or with the New York City Railway Company.  The master found that the Metropolitan Company did not make or authorize the contract of purchase.  He, therefore, disallowed the claim and his report to this effect was confirmed by the Circuit Court.  We see no reason why this conclusion should be disturbed.

The contract was unquestionably made by the New York City Railway Company.  On the 10th day of May, 1907, the Conduit Company made a written proposal, addressed to Oren Root, Jr., vice president and general manager of the City Company, to furnish the cables in question.  After a few unimportant modifications were made the

proposal was accepted and ratified by both parties and on May 13, 1907, became a valid, binding agreement.

Based upon the written contract alone the contention that the Metropolitan Company is liable for the cables is absolutely untenable. The name of the Metropolitan Company is not mentioned and the agreement is explicit "to manufacture and deliver * * * the following transmission cables for the New York City Railway Company." It was further provided that formal orders should be sent from time to time by the purchasing agent of the railway company to the Cable Company stating the amount of cable needed and other details incident to the order. Three of these orders were sent to the Cable Company signed, "Metropolitan Street Railway Co., per A. C. Tully, Purchasing Agent." They required the Cable Company to deliver the specified cables "to New York City Ry. Co. F. O. B. Dock N. Y. City * * * all to be in accordance with proposal of The National Conduit & Cable Co., dated May 10, '07, and letter of acceptance by the V. P. & G. M., dated May 11th, 1907."

It is argued by the claimant that because these orders are on the printed forms of the Metropolitan Company and were signed by that company by A. C. Tully, apparently its purchasing agent, and were accompanied by printed bill forms setting forth the Metropolitan Company as the party to be billed against, that the master should have found as a conclusion of law that the Metropolitan Company was the principal debtor. We cannot accede to this proposition. The orders in question were given ten days after the consummation of the agreement between the Cable Company and the City Company. The moment that agreement was ratified the rights of the parties thereto became fixed, neither could vary its conditions without the consent of the other. The Cable Company chose to make its agreement with the City Company. Whether the Metropolitan Company as lessor, could have entered into such an agreement it is unnecessary to decide. It is enough that it did not do so. The orders for cables are expressly provided for in the agreement and state on their face that they were made in accordance therewith. The City Company could, if it so desired, direct the installation of the cables purchased by it upon the property of the Metropolitan Company authorizing that company to give the necessary orders and to do any other act necessary to complete the work. In other words the mere fact that the cables were placed in position pursuant to the order and direction of the Metropolitan Company is wholly insufficient to establish liability on its part. The cables were at all times after delivery the property of the City Company; it could do with them as it liked. No other company could be made liable for their payment unless there was an agreement express or implied to that effect. No such agreement is shown.

The order is affirmed.